You know, there is a vacancy here. Judge Justice Goldenhurst is ill, has some type of hopefully momentary illness. Again, he could not join us today and he will be listening to the oral arguments and participate. I would like to welcome the newest member of our court who is here today and will be on the bench tomorrow. And that is Justice Gene Swarm. Can you stand up? Be acknowledged. Thank you. I look forward to serving with you. So, the next case on today's docket is the case of People v. Gene Raymer. We have Mr. Patrick Daly for the appellant and Mr. Lawrence O'Neill for the appellee. Mr. Daly, when you're prepared, you may proceed. Thank you, Your Honor. I'm pleased to court. Counsel, my name is Patrick Daly. I'm the Office of the State's Attorney's Appellate Prosecutor. This is an appeal from a ruling on the speedy trial statute, section 103-5e, which addresses the particular situation of how to deal with a speedy trial in a situation where a defendant is being held in simultaneous custody on multiple charges. Before talking about the statute, I do want to address the defendant's waiver argument briefly. The defendant is correct in the waiver sense. Technically speaking, the argument we're making today is not the argument that the State made below. The State had argued that the 160-day speedy trial provision should apply, essentially the argument being that the dismissal of the charge acted as a disposition, which invoked 103-5's 160-day rule for the remaining charges. We don't endorse that interpretation of the statute now. I don't believe it's consistent with the plain language of the statute. I do, however, want to ask this Court to exercise its power to bypass the waiver rule in this particular situation. Number one, waiver of the rule is a limitation on the parties and not the Court. And number two, we're dealing with a situation of statutory interpretation. In a case of some considerable novelty, I think both Mr. O'Neill and I would agree that there's no case law in this particular statute with regards to this actual situation. So this Court, as the parties are, is entering uncharted territory in terms of how to deal with the situation. So in that sense, for the State to have nominated a particular argument below, I think should be given a little bit of leniency in that regard because they're sort of operating from the same lack of deficit of case law as the people are. And thirdly, the waiver rule is intended essentially to allow the circuit court to correct at that initial level errors, and we particularly see the waiver rule in trial error, so that it can be dealt with there and not have to worry about it on appeal. Again, this is a situation where neither side has been denied the right to present evidence or make arguments before this Court, and so we're all on an equal footing here. And so I would ask this Court to exercise its power to bypass the waiver rule and consider the State's arguments in this case. It's not a particularly complicated argument. It may be a complicated resolution, ultimately, but it's not a complicated argument. We'll start with the statute. 103-5E. And the State's interpretation essentially is a two-part statute. The first part is the State's, and I don't want to – the Court knows how to read it, but bear with me. If a person is simultaneously in custody upon more than one charge pending against him or her in the same county, dot, dot, dot, such person shall be tried upon all – excuse me. Such person shall be tried or judged guilty after waiver trial upon at least one such charge before expiration relative to any such pending charge. And what that essentially says is if you're in custody on multiple charges, you have to be found or you have to be tried, and if the speedy trial statute applies under subsection A or B, which is the 120 and the 160 speedy trial provisions, one of those charges has to be tried within that time period. Okay. So it's essentially – it addresses a particular specific statute situation of multiple charges and that the speedy trial statute applies only to one of those charges, not to all of them. However, the statute does go on to say that such person shall be tried upon all the remaining charges, thus pending within 160 days from the date on which judgmental to the first charge of this prosecution is rendered. That's part two. What part two says is that once you have that trial or adjudication of guilty or in fact the statute goes on to talk about the situation of mistrial as well, then the remaining charges have to be tried – excuse me – within 160 days. And that's sort of the uniqueness language of this particular provision, that 160-day rule. What the statute doesn't say is what happens if there's not a trial or an adjudication of guilt or mistrial or anything that resembles a trial or an adjudication on the merits of the case. And that's what we have in this situation. In this case, the defendant had three charges. Driving while license revoked, unlawful use of a credit card, and escape. I'll refer to those, hopefully not too confusingly, as 272, 279, and 320. They're all charges stemming from the same county. The state on December 20, 2012, made a specific election to try the escape charge, which is 321st. However, it appears that the state forgot what it had said earlier. Come February 8, 2013, the state said, well, we're actually going to try the driving while license revoked charge first. So it made one election on the escape charge and then a second election on the driving while license revoked charge. No trial took place on any of the charges. And come March 20, 2013, the defendant moved to dismiss. There were various arguments made before the court. The court ultimately agreed with the defendant's interpretation of the statute and dismissed all the charges. So this is really the situation the court has to deal with in terms of how to address the situation. Does the fact that there's not a trial, and I think the facts here will all agree are not in dispute. Thus, an oval review from this court. If the facts, if it shows that there's not a trial, does that, in essence, remove 103-5E from this case whatsoever? And essentially, as the court here held, retroactively apply the 103-5A since the defendant was in custody in all of these cases. Invoked a 120-day provision, and then obviously more than 120 days elapsed. It's against all the charges, not just the driving while license revoked. Our interpretation of the statute stems not from a lot of case law. There really is not a lot of case law. There is some case law, and we'll talk about that in a minute. But I think also what's important is that our interpretation stems from how I began this argument, and that was a two-part interpretation. You have your statute, which puts this particular factual situation, which puts the statute at play, being multiple charges. And then you have the event, the compliance with invokes the 160-day speedy trial provision. Okay? So obviously, the initial part of the statute is satisfied because the state, in this case, had multiple charges. And therefore, 103-5 was fully applicable. And the fact that we're going to be here if the state actually brought one of those cases to trial. But nonetheless, a subsequent event in our interpretation of the statute doesn't remove the condition precedent to bring 103-5E into consideration in the first place. And that becomes an important consideration when we talk about some of the cases of the state's sites, which are People v. Kleiner. And I believe in any of the other cases, People v. Thompson. In the state's cases, though, they were tried within the applicable period of time. That is very correct. And I acknowledge that distinction. So I was confused how these cases even apply. Well, they don't apply to the extent of what happens after the trial. What they do apply, and this is why it's important that I go back again when I talk about the two-part interpretation. Because what those cases do hold, if we can extract the fact that there was a trial or not a trial from the equation momentarily, that in those situations, the court was dealt with a situation which was really similar to what happened here, which was a change in the election in which charges the state was going to try first. But that's the only similarity. Well, but, however, what's important is the court's treatment of the status of those charges prior to the trial taking place. Okay? And I think that the court's treatment of that, I think, answers the question of how we treat the status of these charges, in this case, up until the point where we all know that no trial took place. Okay? And, well, time's going fast. I'll go, and this is what these cases say, is that they say that when you make an election on a case, it stays the other cases. Does he use the word stay or toll? Toll. I'm sorry. Which is very different than stay. Okay. And I agree with that, Your Honor, but I feel safe in my brief, I do treat it that way. You treat it as a stay, and you do all the math and everything else. Well. And I really want to ask you about that. I'm going to interrupt you. Well. Let me interrupt you for a second. Maybe I'm confused about stay and toll because. It doesn't really matter for the purpose of my question. Okay. Okay. Yes, Your Honor. Because what you're arguing, and tell me if I'm wrong, is that when the state makes an election, that however many days the individual's been in custody, 44 days on the driving while license revoked, that 44 days is in the bank. Correct. And until something happens, you're stuck at 44 days, right? Well, yeah. Once the election is made. Once the election is made. What I have trouble with in your argument is this. What if the defendant had not moved to dismiss the charges until April or May? That's the defendant's problem. Oh, no. But the state is the one that blew the trial, the speedy trial statute. So are we to rely on the defendant? Yes. And are you saying that, shucks, we forgot about you, but if you don't tell us until May, we still go back and get our 44 days? The defendant actually has an absolute obligation to bring up a speedy trial. So, I mean, you present an interesting situation. But in that case, a case doesn't go away automatically on day 121 even. It can go on for a long time. We get through a pretty easy appellate issue for the appellate defender for the fact that this is a counsel perhaps. But a charge doesn't stop at day 121 simply because they're in custody. It has to be brought out by the defendant. It has to be invoked by the defendant in the speedy trial provision. This is the defendant's obligation. The defendant carries the burden of proof in the circuit court to show there was a speedy trial violation. And that's well established in the case law. So I don't know if that answers your question, but not to that extent, Your Honor. But I won't go much further. I know I'll be back up here. I think the point to be made is that once that charge is not tried, and when I say not tried, it means it's dismissed, or something happens which causes it to go away, which doesn't fall within the ambit of 103-5s. I think contemplation of a trial or disposition by plea of guilt or something of that nature, that's when we go on to my total state interpretation, if you will, of where the case is at at that point. I'm operating with a blind slate here because I don't really know. I'm trying to see what jives best with the purpose of the statute, which is to allow the state to provide for the difficulties in preparing for multiple charges at the state time, at the same time, according to the defendant, the right to be in a speedy trial posture, which doesn't just give the state a 360 days of what happens when the case goes away. Okay. Thank you, Mr. Daly. I'm sorry. We're answering the question. You have an opportunity for rebuttal. Mr. O'Neill. You can give Mr. O'Neill additional time if you should require it then, however much he took. May it please the Court? Yes. Mr. Daly. My name is Lawrence O'Neill from the Office of the State Appellate Defender. And I represent Mr. Ranger in this state's appeal. I ask this Court to affirm the judgment of the Circuit Court granting Mr. Ranger's motion to dismiss the charge, the escape, and the unlawful use of a credit card charges for a violation of the Speedy Trial Act. The parties agree that this issue of statutory construction is a matter of first impression. The best indication of the legislative intent is the plain language of the statute. The Speedy Trial Statute must be liberally construed in favor of the criminal defendant. Section 103E of the Speedy Trial Act applies in situations when a person is in simultaneous custody on multiple charges in the same county, such as we have here. This Court should decide this matter of statutory construction based upon the plain language of the statute. Your Honors really do not need to inquire any further than that. In pertinent parts, Section 103.5E states if a person is in simultaneous custody on more than one charge pending against them in the same county, he shall be tried or judged guilty after a waiver of trial upon at least one charge pending before expiration of relative money, pending charges of the period prescribed by Sections A and B of this Act. In other words, the statute plainly states that a person in continuous custody on multiple charges in the same county must be tried or plead guilty on at least one charge within 120 days. There is no provision in the statute that allows the defendant to be held in continuous custody to be tried on at least one charge after the 120 days of continuous custody. That is what we have here. Mr. Raymer was in continuous custody in Saline County on three charges, and he did not receive a trial on any of the charges, and he did not cause a delay. Thus, the Circuit Court's ruling was correct that under the plain language of Section 103.5E, the failure to try Mr. Raymer on any charge within 120 days is a violation of Section 103.5E requiring dismissal of all charges. This issue should be decided by the plain language of the statute and must be construed in Mr. Raymer's favor. The statute requires a trial on at least one charge within 120 days, and that did not happen, and Mr. Raymer did not cause any delay. For this reason alone, Your Honor should affirm the judgment of the Circuit Court. The issue here, which is really one of the statutory interpreting the plain language of the statute, has been unnecessarily confused and complicated by the state-extracted case law references to election and a stay or toll. In fact, the statute says nothing about an election or toll. The state may change its election during the 120-day period so long as it brings a defendant to trial on one charge within 120 days of continuous custody. What this means in this case is that the state's failure to try Mr. Raymer on any charge within 120 days was a violation of the plain language of the statute. There is nothing in the statute that allows the state to extend the 120-day period. It must bring the defendant to trial on at least one charge within 120 days, notwithstanding any election or toll that occurred during the 120-day period. The state's main argument is that Mr. Raymer may be tried after 120 days of continuous custody because the time period that had been told for speedy trial purposes on the remaining charges remains told, even though the state failed to bring Mr. Raymer to trial on any charge at all. This argument must be rejected. First, this construction of the statute is not construed in favor of the criminal defendant. Second, it is contrary to the plain language of the statute, which unambiguously states that a person in continuous custody on multiple charges must be tried on at least one charge within 120 days. Again, there is nothing in the statute that allows the state to extend that 120-day period. Despite any so-called tolling during the 120-day period, the statute still requires that the defendant shall be tried within 120 days of continuous custody on at least one charge. Third, none of the cases relied on by the state that refer to elections or stays or tolls hold that the state is not required under Section 103.5e to try a person who is in continuous custody within 120 days. Moreover, no cases held that the state period remains stay, yet the state fails to try the defendant on one charge within their 120-day statutory period. The Kleiner-Thompson Court held that the state may change the case it elects to try first, and that the remaining charges are tolled for speedy trial purposes. However, these courts did not find that the defendant is not required to be tried within 120 days or that the state period remains in effect if the state fails to try the defendant within that 120-day period. In fact, both the defendants and Kleiner were tried within a statutory period. Thus, although Kleiner and Thompson approved of a tolling of the statute, any stay on these changes does not change the specific requirement of the statute that the defendant shall be tried within the 120-day period. The reason for this has been mentioned. 103-5e unambiguously states that the defendant must be tried on at least one charge within the statutory period. If the state fails to try the defendant within their 120 days, it should not receive the benefit of a stay on the other charges if it permits Mr. Rayner to be held in continuous custody for more than 120 days without a trial and without causing any delay. The issue is not so much whether the charges are tolled or untolled. The important point is the state is obliged to try Mr. Rayner within 120 days as required by section 103-5e, and if failed to do so, there is no statutory or case law authority that allows the defendant to be tried after 120 days unless he caused a delay. Section 103-5e plainly states otherwise. The defendant must be tried within the statutory period on at least one charge. In its brief, the state argues about fairness to the state and burdens to the state in bringing the defendant to trial on multiple charges that are all pending at the same time. This argument of fairness and equity should not even be considered. Again, overriding any burden or equity or difficulties for the state is the plain language of the statute that specifically requires the defendant be tried within 120 days of continuous custody. Thus, despite any difficulties to the state or any burden that it has, it is obliged by the statute to try the defendant within 120 days in continuous custody on at least one charge. The legislature has determined it is not too onerous for the state to try the defendant on one charge within 120 days when multiple charges are pending in that county. The legislature has imposed this easy trial obligation on the state no matter how burdensome it may seem to the state. What about the state's calculation math? I don't think you can even get to that calculation, Your Honor, because the statute specifically requires that the defendant be tried within the 120-day period, and that's the end of the story. That's the plain language of the story. The idea of those numbers are derived from the state or the tolling period. That tolling period doesn't come into effect. There's nothing in the statute about tolling or election. The important point is that the plain language of the statute specifically requires a trial on one charge within that 120-day period. So, Mr. O'Neill, you don't think that the statute anticipated anything like this happening, or if it did, then they're just out of luck? Well, I don't know if the statute anticipated it, but I know what it unambiguously states. It plainly states it must be tried on one charge within the 120-day period, and the statute couldn't be more clear than that. Those are the plain words used in the statute. It must be tried on at least one charge within that statutory period. Now, Mr. Daley makes some arguments about staying the statute and the calculations of the stayed time period. They may sound reasonable and may seem logical, but they really have nothing to do with interpreting the plain language of the statute. I want to emphasize to this court that this issue is one of statutory interpretation of the plain language of the statute. The statute specifically states that the person must be tried on one charge within 120 days of continuous custody. There is no other way to interpret the statute. I ask this Court to affirm the judgment of the Circuit Court based upon the plain language of Section 103-5A. Thank you, Mr. Liu. Thank you. Mr. Daley? Your Honor, Section 103-5E falls within the speedy trial statute, which contains a number of other provisions. Subsection A deals with someone in custody, which states, and I'm paraphrasing from memory, of course, the defendant in custody must be tried within 120 days, lest any delays be occasionally caused by the defendant. Subsection B states that the defendant who makes a demand for the speedy trial has to be tried within 160 days. The same type of exceptions and provisions. So what we have, and we can read reasonably enough, 103-5A as a whole is a legislative directive about how to deal with a particular set of facts, say someone in custody, someone who is making a demand. And what it does is it sets forth the parameters of how we're going to assess or count or calculate speedy trial time. When we get to 103-5E, the statute says if the person is in simultaneous custody, then he shall be tried on at least one such charge prior to the expiration of time in subsections A and B. So the legislative intent when it was read for the statute was to treat speedy trial with regards to one charge and one charge only, that the charge is to be determined by the state. It doesn't say, oops, if you don't do it, then nothing applies anymore. It says that this is how we're going to calculate speedy trial time. I just can't find in the statute where you can support your formulas. The second paragraph of 103-5 says the 120-day term must be one continuous period of incarceration. And then it goes on to talk about how it's computed. And so it seems to me that if the legislature wanted to take A plus E into account and come up with the kind of formula that you have in your brief, it could be easily done that. It doesn't. It's silent. There are a lot of things that could be easily done, I suppose, if they're making it clear. But you're making up a mathematical formula that I don't see, and there's no case to support. Well, I acknowledge that up front, Your Honor, that it's new territory. And like I said, I'm trying to square the interpretation of the statute with something that would allow for essentially a re-institution, if you will, of the 103-5A as applicable to the facts of the defendant's case. At that juncture, that charge, which is doubled by 103-5E, is not there. And so the point I guess I'm getting at is that if 103-5E is a legislative directive that deals with the treatment of a particular set of circumstances within multiple charges, then it doesn't say anything about any of the other charges. It just talks about the treatment of one charge. So the reduction of that is something's got to be done with those other charges, if 103-5, the trial, whatever, takes place. Now, that's where counsel and I sort of divide, because his argument is that, well, that if you don't have a trial, then in essence, 103-5A kicks in. So now, although we've operated up to point X here under 103-5E, the non-satisfaction of some particular clause of 103-5E removes it, and then, oops, it doesn't matter about these other two charges, depending on whether you get a free pass or not. Our position is essentially this, that those charges are to be treated like charges, even in the instance that there is a trial, because that's the situation up until the point the charge goes away that this charge, this case, operates under. There's no dispute that up until the state has to dismiss this charge because the defendant is speaking trial motion, the defendant was being held in simultaneous custody on three charges. There's no doubt about that. The question is how do we deal with those other two charges, and I guess that's why I inject a little bit of my own creativity into it, because we don't have an answer. But the answer cannot be, Your Honor, is that they all get dismissed, because what that essentially says is that the trial of the defendant on one of those charges is a conditioned precedent to the use or the utility or the satisfaction of application of 103-5E in its entirety. And that's why we end the argument by saying there are two parts of the statute, that which triggers the statute, application, which is the existence of simultaneous charges, and then the 160-day rule, which happens after a trial is had on those charges. It's a tough call, at least for me, to try to come up with because there's a gap. But I do think that it would probably be counter, and from our perspective, the people's perspective, of plain language reading to read into the statute that the non-satisfaction of that trial takes everyone back to 103-H. And that's the state's position. Thank you. Thank you, Mr. Bailey. Ms. Jones, you'll take the matter under 5-6.